UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHARON HOLT,

|                                                     |                         |
| --------------------------------------------------- | ----------------------- |
| Plaintiff,                                          | Case No.                |
| -against-                                           | **COMPLAINT**           |
| VERY POLISHED LOUNGE AND NAIL SPA and               |                         |
| 1082 FULTON DEVELOPMENT LLC,                        |                         |
| Defendants.                                         |                         |

Plaintiff, Sharon Holt (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants Very Polished Lounge and Nail Spa ("Salon"), and 1082 Fulton Development LLC (the "Owner") (the Salon and the Owner being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1.      Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Salon's goods and services.

2.      Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3.      Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its place of public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.      Plaintiff is primarily dependent on a wheelchair for mobility because of a past infection in her spine which left her paralyzed from the waist down. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.      Salon owns and operates a nail salon and spa, open to the general public, known locally as Very Polished Lounge and Nail Spa and located at the premises known and designated as 1082 Fulton Street, Brooklyn, New York. (the "Property"). The Owner is a domestic limited liability company formed under the laws of the State of New York and is the owner of the Property.

## STATEMENT OF FACTS

9.      Plaintiff resides in the vicinity of the Salon, within two blocks. After moving to the neighborhood last year, Plaintiff and her son went searching for an accessible nail salon.

Plaintiff attempted to enter the salon but was not able to do so because of the step at the front entrance. On April 2, 2015, Plaintiff's son at her direction, re-visited the Salon to see if it had been made accessible because she wanted a manicure prior to Easter. However, the Salon remained inaccessible to her.

10.     Plaintiff wishes to regularly receive nail treatments and the Salon is very close to her residence, but she cannot patronize the Salon as it is inaccessible to her.

11.     When Plaintiff visited the Salon, she was able to observe others entering and exiting the premises, but she was not able to partake because, inter alia, the step at the entrance prevented her from entering.

12.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for negligence.

13.     Once the barriers have been removed, Plaintiff will return to the Salon as it is a very short distance from her residence and she is very interested in receiving a manicure there.

14.     The services, features, elements and spaces of the Salon are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the "2010 Standards").

15.     Upon information and belief, since January 26, 1992, the Salon has undergone alterations that affected, or could have affected, the usability of part or the entire Salon. Upon

information and belief, the Salon changed the use of the space from a restaurant to a spa and nail salon when it took possession of the premises.

16.     According to the records of the New York City Department of Buildings, there have been alterations to the building, including, but not limited to an application approved on May 2, 2012, the precise scope and nature of which are presently unknown. Upon information and belief, the alterations involved renovations which were sufficiently extensive to require Defendants to comply with the requirements of the ADA and regulations implemented thereunder to the maximum extent feasible.

17.     There are various violations of the ADA at the Salon, as more fully detailed below (sections listed as violated refer to the 2010 Standards, unless otherwise noted):

a)     Altered portions of the existing space are not in compliance with either the 2010 Standards or Chapter 2, in violation of 201.1 and 202.3.

b)     There is no accessible path of travel provided to any of the altered areas due to the step at the entrance door, in violation of 202.4.

c)     Because the step prevents a person in a wheelchair from entering the Salon from the sidewalk, the Salon lacks a site arrival point and is therefore in violation of 206.2.1.

d)     Entrances and doorways fail to comply with 404 and are not on an accessible route complying with 402, therefore the Salon is in violation of 206.4. No door complies with 404, in violation of 206.5.1.

e)     The step at the entrance leaves the Salon without an accessible means of egress, in

violation of 207.

f)      The Salon lacks handrails on both sides of the step, in violation of 504, 504.6, 505 and 210.1.

g)      The presence of a step at the entrance of the Salon prevents the Salon from having an accessible route to the altered area, in violation of 402.2.

h)      The presence of the six-inch step at the entrance to the Salon leaves the Salon in violation of 303.4, which requires rises over one-half inch to be ramped; and in violation of 403 which requires walking surfaces within an accessible route to comply with the requirements therein.

i)      The lack of a level maneuvering clearance at the entrance, as required by 404.2.4.4, 404.2.4 and 404.2.4.3, leaves the Salon in violation of 404.1.

j)      The lack of an 18-inch clearance on the pull side of the entry door leaves the Salon in violation of 404.2.4.3.

k)      The 35-inch opening at the entrance leaves the Salon in violation of 404.2.3, which requires a 36-inch clear door opening at any opening that is over 24 inches deep.

l)      The nail manicure stations present the following violations:
      (i) The tables fail to provide seating which complies with 226.1 and 902.

(ii) The nail tables (work surfaces) fail to comply with 902.2, 306, and 902.3.

(iii) Service counters, such as the nail polishing counters, are too high, in violation of 904.4, and fail to provide either a forward or a parallel approach, in violation of 904.4.1 and 904.4.2.

m)      There is no accessible path of travel provided to the pedicure area, due to the step at the entry door and the 5-inch rise before the chairs and basins of the pedicure area, in violation of 202.4 and 303.4.

n)      The salon fails to provide for a means thru which people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii).

o)      The salon has failed to remove architectural barriers at their entrance so that people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(2)(A)(iv).

p)      The salon has failed to make readily achievable alterations to the path of travel to the renovated salon in violation of 42 USC § 12183(a)(2), and no safe harbor provision applies.

## FIRST CLAIM FOR RELIEF

(Americans with Disabilities Act)

18.     Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

20.     The Property contains a public accommodation, to wit, the Salon. 42 U.S.C. § 12181(7)(B).

21.     Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Salon to individuals with disabilities;

d.     Failing to design and/or construct the Salon so that it is readily accessible to and usable by individuals with disabilities;

e.     Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Salon are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f.      Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area(s) are readily accessible to and usable by individuals with disabilities; and/or

g.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

22.     Defendants could have removed the illegal barriers at the Salon by (i) ramping the step at the entrance, (ii) changing at least one of the tables to provide ADA-compliant seating at a minimum of 5% of the total seating, (iii) altering the pedicure stations so that they are fully compliant with the ADA and accessible, and (iv) providing a freestanding basin for pedicures which may be approached by a person in a wheelchair.

23.     The foregoing suggestions are not meant as exclusive but simply provide a means of remedying the ADA violations present.

24.     However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Salon, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

25.     Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF

(Violation of New York State Executive Law)

26.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

28.     By failing to comply with the law as it has been in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

29.     The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

30.     The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

31.     It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

32.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

33.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF

(Violation of the Administrative Code of the City of New York)

34.    Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by  directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

36.    The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

37.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

38.     The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

39.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40.     The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

41.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

42.     The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

43.     By refusing to make the place of public accommodation accessible, the Salon has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.  The Salon's unlawful profits plus interest must be disgorged.

44.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

## FOURTH CLAIM FOR RELIEF

### (Violations of New York State Civil Rights Laws)

45.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     The Defendants have discriminated against Plaintiff pursuant to New York State Executive Law.

47.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

48.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CLAIM FOR RELIEF

### (Common Law Negligence)

49.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 48 in this Complaint as if fully set forth herein.

50.     The Defendants have negligently designed, constructed, repaired, maintained and operated their place of public accommodation located at the Property in a manner that has rendered it inaccessible to the disabled Plaintiff.

51.     At all relevant times, the Defendants had a duty to design, construct, repair, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff.

52.     The Defendants breached their duty by negligently designing, constructing, repairing, maintaining and operating their place of public accommodation in a manner that has rendered it inaccessible to the disabled Plaintiff.

53.     The Defendant's failure to design, construct, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff has proximately caused Plaintiff to be unable to enjoy full and equal access to the Defendants' place public accommodation.

54.     The Defendant had actual and constructive notice that its place of public accommodation is not accessible to the disabled. The inaccessibility of the Defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the Defendants to discover and remedy this condition.

55.     As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

56.     Plaintiff will continue to experience unlawful discrimination as a result of the Salon's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Salon to alter and modify its place of public accommodation and its policies, practices and procedures.

57.     Injunctive relief is also necessary to make the Salon readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the step at the entrance and provide accessible stations for services.

## DECLARATORY RELIEF

58.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

59.     In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures;

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F.     Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G.     Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H.     Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.     For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.


Dated: June 4, 2015

Frederic S. Rosengarten, Esq.
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue 7th Floor
New York, New York 10001
(212) 533-2606